NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000885
22-NOV-2016
08:50 AM**

NO. CAAP-14-0000885

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
EVELINE P. SEIDL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-13-03123)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Eveline P. Seidl (**Seidl**) appeals
from the "Notice of Entry of Judgment and/or Order and
Plea/Judgment" entered on May 20, 2014 in the District Court of
the First Circuit, Honolulu Division[1] (**district court**).  Seidl
was convicted of operating a vehicle under the influence of an
intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**)
§ 291E-61(a)(1) and (a)(3) (Supp. 2015).[2]

---

[1]     The Honorable Faye M. Koyanagi presided.

[2]     HRS § 291E-61 provides, in relevant part:

§ 291E-61 **Operating a vehicle under the influence of
an intoxicant.**  (a) A person commits the offense of
operating a vehicle under the influence of an intoxicant if
the person operates or assumes actual physical control of a
vehicle:

(1)     While under the influence of alcohol in an
amount sufficient to impair the person's normal
mental faculties or ability to care for the
person and guard against casualty;

(continued...)

On appeal, Seidl argues that the district court erred by

(1) incorporating pretrial motions into the trial over her objection;

(2) hearing pretrial motions on the same day as trial;

(3) depriving her of the right to obtain transcripts of the pretrial motions' hearing;

(4) denying her motion to suppress on Fourth Amendment grounds;

(5) denying her motion to dismiss for violating her statutory and constitutional right to counsel;

(6) denying her motion to dismiss for failure to define the term "alcohol" in the charge;

(7) failing to find a violation of Brady v. Maryland, 373 U.S. 83, 87 (1963) or Hawai'i Rules of Penal Procedure (**HRPP**) Rule 16 when Plaintiff-Appellee State of Hawai'i (**State**) demanded payment to inspect discovery;

(8) admitting into evidence sworn statements of the intoxilyzer supervisor over her objection; and

(9) taking judicial notice, over Seidl's objection, of the approval of the Intoxilyzer device, the accuracy verification process, and the internal standards accuracy verification device.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Seidl's points of error as follows:

(1) Seidl argues that the district court erred when it incorporated testimony from her pretrial motions to suppress into the trial on the merits over her objection. The State concedes

---

[2] (...continued)

. . . .

(3)   With .08 or more grams of alcohol per two hundred ten liters of breath[.]

2

that this was reversible error under State v. Thomas, 72 Haw. 48, 805 P.2d 1212 (1991).

HRPP Rule 12(e) states, "A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; provided that a motion to suppress made before trial shall be determined before trial." (Emphasis added). The Hawai'i Supreme Court has held that the trial court's "failure to decide a motion to suppress prior to trial constitutes reversible error." Thomas, 72 Haw. at 53, 805 P.2d at 1214 (citing State v. Rodgers, 70 Haw. 156, 157, 766 P.2d 675, 676 (1988)). "The only occasion where a court need not decide a motion to suppress prior to trial is where the parties agree to consolidate the hearing on the motion with trial pursuant to our holding in State v. Doyle, 64 Haw. 229, 638 P.2d 332 (1981)." Thomas, 72 Haw. at 53, 805 P.2d at 1214.

The supreme court in Doyle stated:

> [W]here the trial court at a bench trial expressly advises the parties, for the record, of its intention to hear the motion and the merits contemporaneously and no objection is voiced by either party to the proposed procedure, the trial court may then proceed to hear the issues contemporaneously. The trial court should, however, enter its ruling on the motion to suppress before finally determining the merits of the charge against the defendant.

Doyle, 64 Haw. at 231, 638 P.2d at 334 (footnote omitted). The exception articulated in Doyle "requires an express statement and agreement by the parties, on the record, where the court intends to hear testimony on the motion and merits contemporaneously." Thomas, 72 Haw. at 54, 805 P.2d at 1214.

It is undisputed that Seidl objected to the district court's incorporation of her pretrial motion testimony into her trial on the merits. The district court's decision to incorporate the motion testimony over Seidl's objection did not conform with HRPP Rule 12(e) or the requirements set forth in Doyle and Thomas. Therefore, the district court's failure to determine Seidl's motions to suppress prior to her trial on the

merits constituted reversible error.[3]  See Thomas, 72 Haw. at 54, 805 P.2d at 1214.

(2) Seidl argues that the district court violated HRPP Rule 12(e) when it heard the pretrial motion on the same day as Seidl's trial.  The plain language of HRPP Rule 12(e) only requires that a pretrial motion be determined prior to trial, it does not require that pretrial motions be determined on a different day than the trial.  See State v. Rollison, No. CAAP-14-0000765 at *1 (App. Nov. 25, 2015) (SDO); see also Thomas, 72 Haw. at 54, 805 P.2d at 1214 (stating that a hearing that occurred immediately prior to the start of trial arguably complied with HRPP Rule 12(e)).  Therefore, Seidl's argument is without merit.  See Rollison, SDO at *1.

(3) Seidl argues that the district court erred when it denied her motion to suppress on Fourth Amendment grounds.  Specifically, Seidl argues that, contrary to the Implied Consent Form, her consent to the breath test was not voluntary because if she refused the test she would be charged with civil and criminal penalties.  In State v. Yon Shik Won (**Won II**), 137 Hawai'i 330, 349, 372 P.3d 1065, 1084 (2015), the Hawai'i Supreme Court held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice[.]"  See article I, section 7 of the Hawai'i Constitution ("The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures and invasions of privacy shall not be violated[.]").  Consequently, a defendant's decision to submit to testing after being read the Implied Consent Form "is invalid as a waiver of his [or her] right not to be searched."  Won II, 137 Hawai'i at 349, 372 P.3d at 1084.  In accordance with the supreme court's decision in Won II, the result of Seidl's breath test was the product of a warrantless search and, therefore, the district court erred by

---

[3]     Given our holding, we need not address Seidl's argument that she was also prevented from obtaining transcripts of the motion testimony.

4

denying Seidl's motion to suppress the result of her breath test.[4]  See id. at 355, 372 P.3d at 1090.

(4) Seidl argues that the district court erred by denying her motion to dismiss the State's complaint because the complaint failed to define the term "alcohol," which Seidl argues is an essential element of an OVUII offense.  Seidl argues that, without alleging the statutory definition of "alcohol," the State's complaint deprived her of fair notice of the charge against her.

At the time the State filed its complaint against Seidl, the term "alcohol" was defined as

> the product of distillation of any fermented liquid, regardless of whether rectified, whatever may be the origin thereof, and includes ethyl alcohol, lower aliphatic alcohol, and phenol as well as synthetic ethyl alcohol, but not denatured or other alcohol that is considered not potable under the customs laws of the United States.

HRS § 291E-1 (2007 Repl.) (emphasis added).

Reviewing a nearly identical argument to the one that Seidl raises, this court has previously held that "the statutory exception for denatured or other non-potable alcohol is a 'defense' to the OVUII offense, and is not an 'element' of the offense that is required to be alleged in an OVUII charge." State v. Turping, 136 Hawai'i 333, 336, 361 P.3d 1236, 1239 (App. 2015).  The court in Turping held that the State's OVUII charge, which did not include the statutory definition of "alcohol," was sufficient.  Id. at 337-38, 361 P.3d at 1240-41.  Similarly in the case before us, the State's OVUII complaint was sufficient and, therefore, the district court did not err in denying Seidl's motion to dismiss.  See id.

(5) Seidl argues that the district court erred by denying Seidl's motion to dismiss for alleged Brady violations.  Specifically, Seidl contends the State committed a Brady

---

[4]    Because we hold that the results of Seidl's breath test should be suppressed, we need not address her arguments that the district court erred in admitting the "sworn statements of the intoxilyzer supervisors," erred in taking "judicial notice of the approval of the Intoxilyzer device, the approval of an accuracy verification process, and the approval of the internal standards accuracy verification device," and erred in denying her motion to suppress based on an alleged right to counsel.

violation when it demanded payment as a condition to inspect certain requested materials.

> In [Brady, 373 U.S. at 87,] the United States Supreme Court held that suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or punishment, regardless of the good faith or bad faith of the prosecution. The Brady rule has been incorporated into the Hawaii due process jurisprudence and relied upon frequently by [the Hawai'i Supreme Court].

State v. Matafeo, 71 Haw. 183, 185-86, 787 P.2d 671, 672 (1990) (internal citations omitted).

Seidl also argues that the State had a duty to disclose material under HRRP Rule 16, which governs disclosures in criminal cases. See State ex rel. Marsland v. Ames, 71 Haw. 304, 309, 788 P.2d 1281, 1284 (1990). HRPP Rule 16(a) limits discovery "to cases in which the defendant is charged with a felony," except as provided in HRPP Rule 16(d), which provides:

> **Rule 16.     DISCOVERY.**
>
> .   .   .   .
>
> **(d) Discretionary disclosure.**  Upon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations.

This court has previously held that "[w]hile it may be permissible for the State to charge a defendant for copying costs where the defendant requests copies of materials subject to disclosure, the State cannot condition the disclosure of Brady material or discovery on the payment for copies that the defendant only seeks to view." See State v. Yoshimoto, No. CAAP-14-0000896 at *2 (App. Jan. 29, 2016) (SDO); Rollison, SDO at *2. "If discovery is required, the State cannot preclude a defendant from inspecting discovery materials on the ground that the defendant refuses to pay a fee." State v. Woods, CAAP-14-0001278 at *1 (App. June 2, 2016) (SDO) (emphasis omitted). Therefore, the district court erred to the extent that it found no Brady violation or HRPP Rule 16 violation because Seidl refused to pay for copying costs. See Woods, SDO at *1; Yoshimoto, SDO at *2; Rollison, SDO at *2.

We note that the record does not indicate what contested materials Seidl sought to access and, therefore, this court has no basis on which to determine whether the withheld material qualified as Brady material or material subject to disclosure under HRPP Rule 16. On remand, the district court should determine whether Seidl is entitled to disclosure of the subject material under Brady and the extent to which Seidl is also entitled to discovery under HRPP Rule 16(d). See Yoshimoto, SDO at *2; Rollison, SDO at *2.

Therefore,

IT IS HEREBY ORDERED that the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on May 20, 2014 in the District Court of the First Circuit, Honolulu Division is vacated and this case is remanded for a new trial consistent with this disposition.

DATED: Honolulu, Hawai'i, November 22, 2016.

On the briefs:

Kevin O'Grady
for Defendant-Appellant.

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7